1 | **LEVINE SULLIVAN KOCH & SCHULZ, LLP**
ROBERT PENCHINA (admitted *Pro Hac Vice*)
2 |   rpenchina@lskslaw.com
321 West 44th Street, Suite 1000
3 | New York, NY 10036
Telephone: (212) 850-6100
4 | Fax: (212) 850-6299

5 | **JASSY VICK CAROLAN LLP**
KEVIN L. VICK, Cal. Bar No. 220738
6 |   kvick@jassyvick.com
JEAN-PAUL JASSY, Cal. Bar No. 205513
7 |   jpjassy@jassyvick.com
6605 Hollywood Boulevard, Suite 100
8 | Los Angeles, California 90028
Telephone: (310) 870-7048
9 | Fax: (310) 870-7010

10 | Attorneys for Defendants
ASSOCIATED PRESS and TIME
11 | HOME ENTERTAINMENT INC.

12 |

13 | UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
14 |

15 | KEYA MORGAN, | Case No. CV 15-03341-CBM-JEM
16 | Plaintiff, | Judge: Hon. Consuelo B. Marshall
17 | v. |
18 | ASSOCIATED PRESS, et al., | **REPLY MEMORANDUM OF LAW BY DEFENDANTS ASSOCIATED PRESS AND TIME HOME ENTERTAINMENT, INC. IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S DMCA CLAIM FROM THE AMENDED COMPLAINT**
19 | Defendants. |
20 | |
21 | |
22 | | Date: Tuesday, September 29, 2015
23 | | Time: 10:00 a.m.
Place: Courtroom 2

Defendants AP and Time respectfully submit the following reply in further support of their Motion to Dismiss the Second Claim for Relief from Morgan's Amended Complaint.

Morgan's Opposition does no more than repeat the allegations of his Amended Complaint which, as shown in AP and Time's opening submission, are insufficient to state a claim. Morgan erroneously states that: "*All* of the facts [he pleaded] must be accepted as true for purposes of the motion." Opp'n to Mot. to Dismiss Filed by AP at 5, Dkt. No. 20 ("Opp'n I") (emphasis added). To the contrary, "[t]he Court *need not* accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Maiden v. Finander*, 2013 WL 5969840, at *2 (C.D. Cal. Nov. 6, 2013) (emphasis added). The pleaded facts must be sufficient to establish that the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Morgan wrongfully accuses AP and Time of "intentionally misquot[ing] the allegations included in the FAC" and "omit[ting] the allegations made against AP." Opp'n I at 2, 5. The example he gives is that: "AP states 'Running Press and Perseus Press 'removed the Keya Morgan credit from the photographs *before* publishing the photographs and/or providing the photographs to third parties.'" *Id.* at 5 (emphasis in original). That statement indeed appears in the Amended Complaint. *See* Am. Compl. ¶ 26, Dkt. No. 12. In fact, Morgan doubles down on that statement in his Opposition to the motion to dismiss filed by co-defendants Running Press and Perseus Press, in which he flat-out states that "Perseus removed Plaintiff's credit from the photographs *before publishing . . . and/or providing the photographs to third parties to publish*." Opp'n to Mot. to Dismiss Filed by Perseus at 4, Dkt. No. 19 (citing Am. Compl. ¶ 26) ("Opp'n II") (emphasis added). Defendants *did not* omit the allegations made against AP as Morgan contends. Rather, they quoted those supposedly omitted allegations, observing that "Morgan is not helped by his vague assertion that AP 'removed the Keya Morgan credit' from the photographs," Mot. to Dismiss at 8, Dkt. No. 14, and pointed out the implausibility of Morgan's contention given his admission that AP's source "removed Plaintiff's credit from the photographs *before . . . providing the*

*photographs to third parties to publish.*" Opp'n II at 4 (citing Am. Compl. ¶ 26). Morgan's Opposition simply cannot rescue his claims against AP and Time.

A.   **Morgan Has Failed To Allege A Plausible Claim That AP Or Time Removed CMI**

Morgan does not even argue that Time removed his credit, but focuses solely on AP. While merely repeating his allegations against AP, Morgan does not even attempt to explain how those allegations could be even remotely plausible. "[O]nly a complaint that states a *plausible* claim for relief survives a motion to dismiss." *E.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (emphasis added). Because, as Morgan alleged and continues to argue, Perseus and Running Press removed Morgan's credit from the photos at issue before providing them to third parties, it is not merely implausible but impossible for AP or Time to have removed the already missing information. Morgan simply ignores this reality.

Instead, he argues that "there is no allegation in ¶26 (or anywhere else in the FAC) that states that the information identifying Morgan as copyright owner had been removed before being provided to AP." Opp'n I at 5. To the contrary, Morgan alleged that Running Press "licensed [the photos at issue] to Associated Press," Am. Compl. ¶ 15, and Running Press "removed the Keya Morgan credit from the photographs before publishing the photographs and/or providing the photographs to third parties to publish," *id.* ¶ 26. Thus, Morgan's own allegations make clear that the photos licensed to AP did not contain any information identifying Morgan as copyright owner, as any such information had previously been removed.

B.   **Morgan Has Failed To Allege The Requisite Intent**

Morgan's Opposition does not overcome that his Amended Complaint merely recites the intent element of the statute without facts plausibly demonstrating that AP or Time actually had any intent to hide or facilitate infringement. Morgan all but concedes that his Amended Complaint lacks a factual basis to show the requisite intent. Rather, he argues that "Plaintiff is not required to know the specific information prior to the filing of the suit. . . ." Opp'n I at 6. Morgan is wrong. The *Iqbal* and *Twombly* pleading standards indisputably apply to pleading of "intent, knowledge, and other conditions of a person's mind." *Iqbal*, 556 U.S. at 686-87; *accord Millman v. Inglish*,

-2-

461 F. App'x 627, 628 (9th Cir. 2011) (unpublished) ("Mere conclusions of intent are insufficient."); *Gilliland v. Chase Home Fin., LLC*, 2014 WL 325318, at *6 (E.D. Cal. Jan 29, 2014); *Huber v. City of Beverly Hills, Cal.*, 2013 WL 1829763, at *12 (C.D. Cal. Mar. 19, 2013).

The only allegation pertaining to intent to which Morgan points is the supposed removal of CMI by AP – which he does not even attempt to also attribute to Time – but because this allegation is entirely conclusory and patently implausible in light of the pleaded facts, as discussed above, it cannot suffice to make out a claim of intent.

Morgan's reliance on *Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*, 999 F. Supp. 2d 1098 (N.D. Ill. 2014) is misplaced. Opp'n I at 6-7. Rather than support Morgan's argument, that case actually demonstrates why Morgan's Amended Complaint fails. In explaining why the complaint at issue in *Leveyfilm* was adequate, the court contrasted it with a claim that was patently insufficient in another case (*Keogh v. Big Lots Corp.*, 2006 WL 1129375, at *2 (M.D. Tenn. Apr. 27, 2006))—and Morgan's Amended Complaint is virtually the same as the one dismissed in *Keogh*. Thus, while *Leveyfilm* observed that it was sufficient for the plaintiff to allege that it had distributed its photo with CMI and that defendant had published it without that CMI, *id.* at 1103, the court acknowledged that it would have been *insufficient* had plaintiff alleged the involvement of a third party intermediary who had removed the CMI. *Id.* at 1103-04 (citing *Merideth v. Chi. Tribune Co.*, 2014 WL 87518, at *3 & n.2 (N.D. Ill. Jan 9, 2014) ("plaintiff's allegations that the [defendant] published a photograph without certain CMI that the plaintiff alleged he had attached to the photo could have constituted a plausible allegation that the [defendant] removed the CMI *had the plaintiff not also alleged that an intermediary was responsible for removal of the CMI*") (emphasis added)),[1] and *Keogh,* 2006 WL 1129375, at *2 (dismissing for failure to plead

---

[1] As the *Merideth* court succinctly put it, "[s]omething other than speculation must support an allegation that Defendant obtained the photographs with CMI attached (permitting an inference that Defendant then improperly removed it)." 2014 WL 87518, at *4. For this reason, the plaintiff's brief citation to *Agence France Presse v. Morel*, 769 F. Supp. 2d 295 (S.D.N.Y. 2011), in which the plaintiff alleged extensive facts giving rise to the plausible inference that the defendants had knowingly removed CMI and one photo agency continued distributing the incorrectly credited photo despite a formal wire update from the *entity from which it had originally licensed the photograph*, does not save Morgan's conclusory allegations here. *Id.* at 304-06.

-3-

knowledge and intent where plaintiff "alleged that there was necessarily an intermediary between the plaintiff and the defendant who" "removed the CMI")). Here, Morgan plainly alleges that an intermediary—AP's licensor Running Press—removed the CMI. Thus, Morgan's Amended Complaint here is doomed by the precise defect that courts have identified as fatal.[2]

Moreover, Morgan's Amended Complaint demonstrates that AP understood "it had received permission from Running Press and Perseus Press to license the Steinberg Photographs and the Reid Photographs." Am. Comp. ¶ 15. He does not contest that, even if the CMI used by AP and Time turns out to be wrong, their faithful inclusion of a credit to their actual source—the party they understood to be the copyright owner—negates any intent to facilitate or conceal infringement.

## C. Leave To Amend Is Not Warranted

On two occasions—once pertaining to Morgan's Complaint and again pertaining to his Amended Complaint—counsel for AP and Time conferred with Morgan's counsel and explained at length the defects in his pleading addressed by this motion in an effort to obviate this motion. Morgan chose not to further amend his Complaint to address those deficiencies. His own pleadings demonstrate that he cannot, in any event, show removal of CMI by AP and Time, much less that they had an intent to induce or conceal infringement. While he makes a vague promise of adding additional allegations regarding "animus," Opp'n I at 8, he concedes that he now possesses no additional information but hopes that "during discovery" he might be able to uncover facts providing the basis for the claim he already asserted, *id.* at 6. However, "[b]ecause [Morgan's] complaint is deficient under Rule 8, he is not entitled to discovery." *Iqbal*, 556 U.S. at 686.

Morgan cannot alter that he has already pleaded himself out of a DMCA claim. Dismissal with prejudice of that claim is therefore warranted in that the Amended Complaint's defects cannot be cured and thus amendment would be futile. *See, e.g.*, *Chinatown Neighborhood Ass'n v. Harris*,

---

[2] Morgan criticizes the defendants for including cases decided on summary judgment, but each of those courts resolved the DMCA question as a matter of law and, in doing so, elucidated the requirements of the knowledge and intent prongs of Section 1202 so as to make clear that Morgan's implausible allegations cannot withstand scrutiny.

-4-

794 F.3d 1136, 1144-45 (9th Cir. 2015) (affirming dismissal with prejudice and denying leave to amend as futile where new allegations would not alter application of law to facts already pled).

## CONCLUSION

For the reasons stated above and set forth in the defendants' opening papers, the plaintiff's Second Claim for Relief in the Amended Complaint as against defendants AP and Time should be dismissed for failure to state a claim upon which relief may be granted.

DATED: September 15, 2015

LEVINE SULLIVAN KOCH & SCHULZ, LLP
ROBERT PENCHINA *

JASSY VICK CAROLAN LLP
KEVIN L. VICK
JEAN-PAUL JASSY

By: /s/ Robert Penchina

ROBERT PENCHINA

Attorneys for Defendants
ASSOCIATED PRESS and TIME HOME ENTERTAINMENT, INC.

* Admitted *Pro Hac Vice*