DANIEL M. MAYEDA (State Bar No. 108543)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Telephone: (310) 277-3333
Facsimile: (310) 277-7444
Email: dmayeda@lpsla.com

Attorneys for Defendants
Perseus Running Press, LLC and Perseus Books, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYA MORGAN,<br><br>Plaintiffs,<br><br>v.<br><br>ASSOCIATED PRESS, PERSEUS RUNNING PRESS, LLC, PERSEUS BOOKS, LLC, TIME HOME ENTERTAINMENT, INC., and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 2:15-CV-03341 CBM (JEMx)**<br><br>**REPLY BY DEFENDANTS PERSEUS RUNNING PRESS, LLC AND PERSEUS BOOKS, LLC IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S DMCA CLAIM FROM FIRST AMENDED COMPLAINT**<br><br>DATE: September 29, 2015<br>TIME: 10:00 a.m.<br>CTRM: United States Courthouse<br>312 North Spring St.<br>Courtroom 2, 2nd Floor<br>Los Angeles, CA 90012<br><br>[The Hon. Consuelo B. Marshall] |

In the Motion to Dismiss filed by Defendants Perseus Running Press, LLC and Perseus Books, LLC (collectively, "Perseus"), Perseus demonstrated that:

(1) Plaintiff's second count for violation of Sections 1202 and 1203 of the Digital Millennium Copyright Act (DMCA) cannot state a cause of action because Plaintiff has not alleged any facts that could bring this action within the ambit of the DMCA; and

(2) Assuming *arguendo* the DMCA could apply to this case, Plaintiff failed to allege that Plaintiff actually affixed copyright management information (CMI) to the Allegedly Infringed Photographs before providing them to Perseus or that Perseus intentionally removed such CMI and distributed the photographs to Associated Press knowing that would cause Plaintiff's copyrights to be infringed.

**1.      This is Not a DMCA Claim**

Plaintiff's Opposition to Perseus's Motion to Dismiss ("Opp.") at 9 specifically acknowledges "there are cases which support Perseus's interpretation of Section 1202" as being limited to circumstances involving "copyright management systems" but argues—without supporting authority—that "the trend is moving" toward a more expansive reading of the statute.  In fact, as Perseus's Motion to Dismiss explained, and as Plaintiff has admitted (Opp. at 8), "the Ninth Circuit has yet to rule" on the scope of Section 1202.  Furthermore, unlike the unpublished Williams v. Cavelli case upon which Plaintiff heavily relies (Opp. at 8-9), the only published decisions by district courts within the Ninth Circuit all construe Section 1202 in a limited fashion. *See* Perseus's Motion to Dismiss at 3-4, addressing the Textile Secrets, Jacobsen and Kelly cases.

The Third Circuit case of Murphy v. Millennium Radio Group, LLC, 650 F.3d 295, 302 (3d Cir. 2011) recognized that Section 1202 "might well provide an additional cause of action under the DMCA in many circumstances in which only an action for copyright infringement could have been brought previously," but nevertheless adopted a broad interpretation of the statute.  The Ninth Circuit, however,

signaled that it is likely to maintain a more robust distinction between a DMCA claim and an infringement claim when it noted that "Section 1202 deals with the removal of copyright information, an altogether different violation" than a claim of copyright infringement. <u>Polar Bear Productions, Inc. v. Timex Corp.</u>, 384 F.3d 700, 719 (9th Cir. 2004). *See also* <u>MDY Industries v. Blizzard Entertainment</u>, 629 F.3d 928, 942 (9th Cir. 2010) (DMCA was enacted "to mitigate the problems presented by copyright enforcement in the digital age.").

Given the different purposes of a DMCA claim and a claim for copyright infringement, and the fact that no published decision within this circuit has held that Section 1202 can extend to every piece of copyright "information" related to every possible work—whether or not the claim alleges that there is any <u>technological process</u> or <u>copyright management system</u> involved—this Court should not allow Plaintiff's Section 1202 claim to proceed. To deny the Motion would not only give Plaintiff two shots at the same allegedly infringing conduct—but it would also unjustly revive Plaintiff's claim for attorneys' fees and statutory damages which he lost because he failed to register his copyright in a timely manner. *See* Perseus's Motion to Dismiss at 2, 6 n.1.

**2. Even if Section 1202 is Broadly Construed, Plaintiff Has Not Alleged Underlying Facts to Bring it Within a Claim for "Falsification of Copyright Management Information"**

Plaintiff argues he has adequately parroted the requisite elements of a Section 1202 claim. But, in fact, Plaintiff's First Amended Complaint only alleges that:

- The Allegedly Infringed Photographs "included" some unspecified copyright management information identifying that Plaintiff owned the copyright to his photographs (FAC ¶25);
- Perseus knew that Plaintiff was the copyright owner of the photographs (FAC ¶25); and
- Perseus "removed the Keya Morgan credit from the photographs" before

providing them to third parties (FAC ¶26).

Unlike every other case in which a court has allowed a Section 1202 claim to proceed, here Plaintiff essentially alleges only that Perseus somehow knew Plaintiff owned the copyright to the Allegedly Infringed Photographs and distributed those photographs without giving Plaintiff credit. That, at most, is a copyright infringement claim, not one for Falsification of Copyright Management Information under Section 1202.

This can be seen by comparing the allegations in the cases upon which Plaintiff relies:

- Murphy v. Millennium Radio, 650 F.3d at 301 (plaintiff alleged that he placed or caused to be placed a "gutter credit" along the edge of his photograph and that the defendant intentionally removed it);
- Fox v. Hildebrand, 2009 WL 1977996 (C.D. Cal. July 1, 2009) (handwritten copyright notice placed on architectural drawings were replaced by defendant's copyright notice);
- Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC, 999 F.Supp.2d 1098 (N.D. Ill. 2014) (defendant allegedly removed plaintiff's credit from back of photograph before republishing);
- Agence France Presse v. Morel, 769 F.Supp.2d 295 (S.D.N.Y. 2011) (photographer's name and copyright notice linked to photos posted on Twitter);
- Interplan Architect, Inc. v. C.L. Thomas, Inc., 2009 WL 6443117 (S.D. Tex. Nov. 13, 2009) (company name and logo on architectural drawing removed by defendant);
- McClatchy v. The Associated Press, 2007 WL 776103, at *1-*2 (W.D. Pa. March 9, 2007) (plaintiff's photograph bore her title and copyright information; defendant took a snapshot of the photo and cropped the picture to remove the plaintiff's title and copyright notice);

- Williams v. Cavelli, 2015 WL 1247065, at *3 (C.D. Cal. Feb 12, 2015) (plaintiff's signature on murals made "indiscernible" in photographs of the murals used by defendant).

Here, where Plaintiff mainly "recite[d] the statutory elements" without alleging a genuine underlying basis for a DMCA violation, the Motion to Dismiss should be granted. Brown v. Stroud, 2011 WL 2600661, at *6 (N.D. Cal. June 30, 2011) (granting motion to dismiss Section 1202 claim).

### 3. Conclusion

Plaintiff's second cause of action for Falsification of Copyright Management Information under Section 1202 of the DMCA is simply an improper attempt to bootstrap a claim that carries attorneys' fees and statutory damages to an ordinary copyright infringement claim. Perseus's Motion to Dismiss should be granted and the purported Section 1202 claim dismissed.

DATED: September 15, 2015  LEOPOLD, PETRICH & SMITH, P.C.

By: /s/ Daniel M. Mayeda
DANIEL M. MAYEDA
Attorneys for Defendants
Perseus Running Press, LLC and Perseus Books, LLC