UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

KEYA MORGAN,

Plaintiff,

v.

ASSOCIATED PRESS, et al.

Defendants.

CASE NO. 15-03341-CBM-JEM

ORDER

The following motions are before the Court:

(1) Defendants Associated Press ("AP") and Time Home, Entertainment, Inc.'s ("Time") Motion to Dismiss (Dkt. No. 14); and

(2) Defendants Perseus Running Press, LLC ("Perseus Running Press") and Perseus Books, LLC's ("Perseus Books") (collectively "Perseus Defendants") Motion to Dismiss (Dkt. No. 16).

In both motions, Defendants have moved pursuant to Federal Rule of Civil

Procedure 12(b)(6) to dismiss the Second Cause of Action in Plaintiff Keya Morgan's First Amended Complaint (Dkt. No. 12 "FAC") alleging a violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(a).[1]

## I. FACTUAL BACKGROUND

Plaintiff's allegations are as follows. Plaintiff is a collector and business owner of historical photographs, who frequently licenses photographs to major media outlets and publishers. (FAC ¶ 1.) Plaintiff owns and has acquired the underlying copyrights to four photographs of Marilyn Monroe (the "Photographs"), which Plaintiff alleges "included copyright management information" ("CMI") stating that Keya Morgan owns the copyrights to the Photographs. (*Id.* ¶¶ 6-7, 25, Ex. A.)

Defendants are:

- AP, a news organization that licenses the right to use photographs for a fee (*id.* ¶¶ 2-3);
- Perseus Running Press, a publisher (*id.* ¶ 4);
- Perseus Books, a publisher (*id.* ¶ 5);
- Time, a publisher (*id.* ¶ 6); and
- Does 1 through 10 (*id.* ¶ 7).

Plaintiff learned that AP had been licensing rights to the Photographs to third party licensees, informing them that Perseus Running Press owned the copyrights to the Photographs, even though AP and Perseus Running Press both knew that assertion was false. (*Id.* ¶¶ 8-10.) Licensees thereafter attributed credit to the Photographs to Perseus Running Press, or both Perseus Running Press and AP. (*Id.* ¶ 9.) Plaintiff alleges that Perseus Running Press later admitted that it had licensed one of Plaintiff's Photographs to AP. (*Id.* ¶ 15.) AP told Plaintiff that it had received permission from Perseus Running Press and Perseus Books to license the Photographs to third parties. (*Id.*)

[1] At the hearing on these motions, Plaintiff's counsel clarified that although the FAC cites to 17 U.S.C. § 1202(a), Plaintiff instead intended to allege his second cause of action against Defendants under 17 U.S.C. § 1202(b).

AP licensed one of the Photographs to Time, which published the photograph in a magazine during the first quarter of 2014 giving credit to "Running Press/AP." (*Id.* ¶ 11.) Plaintiff alleges that although he subsequently notified Time that AP and Running Press did not own the rights to the photograph, in September 2014 Time published a book that contained the same photograph and again gave credit to Running Press and AP. (*Id.* ¶¶ 12-13.)

Plaintiff further alleges: (1) Defendants removed the Keya Morgan credit from the Photographs before publishing and/or providing them to third parties to publish; (2) Defendants Perseus Running Press, Perseus Books, and AP knowingly provided false CMI to third parties; (3) Time published one of the Photographs with knowledge that it contained a false credit to Running Press/AP; and (4) all Defendants acted with the intent to induce, enable, facilitate, or conceal copyright information. (*Id.* ¶¶ 25-26, 28-30.) Based on these allegations, Plaintiff argues that Defendants violated Section 1202(a) of the DMCA.

Defendants argue that the second cause of action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because (1) the credits allegedly removed do not constitute CMI and therefore do not fall under the ambit of the DMCA; and (2) Plaintiff fails to adequately allege that the Defendants acted with the requisite knowledge or intent under the DMCA.[2]

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires a plaintiff's complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) allows a court to

---

[2] Although Defendants AP and Time only argue for dismissal in their motion based on Plaintiff's failure to adequately allege intent under Sections 1202(a) and 1202(b), their counsel clarified at the hearing that they joined in Defendants Perseus Running Press and Perseus Books' additional argument. Defendants Perseus Running Press and Perseus Books move to dismiss Count II for failure to plead knowledge and intent as though it were alleged under Section 1202(b) only.

dismiss a complaint for "failure to state a claim upon which relief can be granted" based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* This is true even where the plaintiff makes allegations regarding the defendant's state of mind. *Ashcroft*, 556 U.S. at 686-87; *see also Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) ("conclusory allegations" of knowledge of copyright infringement are "plainly insufficient").

## III. DISCUSSION

### I. Digital Millennium Copyright Act

Congress enacted the DMCA in 1998 to fulfill its obligations under two World Intellectual Property Organization ("WIPO") treaties, which require the United States to provide effective legal copyright remedies against the circumvention of protective technological measures used by copyright owners. *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 942 (9th Cir. 2010). Sections 1202(a) and 1202(b) of the DMCA place restrictions on the modification or distribution of CMI.

CMI is defined in pertinent part as "any of the following information conveyed in connection with copies … of a work …, *including* in digital form …: (3) The name of,

and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright." 17 U.S.C. § 1202(c).

***Section 1202(a) of the DMCA provides:***

No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement –

(1) provide CMI that is false; or

(2) distribute or import for distribution CMI that is false.

***Section 1202(b) of the DMCA provides:***

No person shall, without the authority of the copyright owner or the law –

(1) intentionally remove or alter any CMI;

(2) distribute or import for distribution CMI knowing that the CMI has been removed or altered without authority of the copyright owner or the law; or

(3) distribute or import for distribution copies of works knowing that CMI has been removed or altered without authority of the copyright owner or the law.

**II. Dismissal Based on a Failure to Satisfy Rule 8(a)**

Defendants argue that the Second Cause of Action should be dismissed for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).

**A. Defendants Perseus Running Press and Perseus Books**

Plaintiff alleges that Perseus Running Press licensed one of Plaintiff's Photographs to AP, but does not allege "sufficient factual matter" to state a claim for a violation of either Sections 1202(a) or 1202(b) of the DMCA. Plaintiff does not allege any facts specific to the alleged conduct of Perseus Books. Therefore, because a formulaic recitation of the elements of a cause of action, including allegations regarding a defendant's state of mind, are not sufficient to satisfy Rule 8, the Court grants the Perseus Defendants' motion to dismiss the second cause of action.

**B. Defendants AP and Time**

Plaintiff alleges that AP licensed the Photographs to licensees with incorrect credits, and that Time published one of the Photographs and gave credit to Perseus Running Press and AP after Plaintiff notified Time that Plaintiff owned the copyright to the photograph. However, these factual allegations do not support the intent and knowledge elements of claims under either Section 1202(a) or (b). Plaintiff's allegation that AP assured Plaintiff that it had received permission from Perseus Running Press and Perseus Books to license the Photographs, and that Perseus Running Press admitted that it had licensed one of the Photographs to AP, which in turn licensed it to Time, make even Plaintiff's general allegations of intent against AP and Time not plausible. Therefore, the Court grants Defendants AP and Time's motion to dismiss for failure to satisfy the pleading requirements of Rule 8(a).

**III. Copyright Management Information**

In the motion filed by Perseus Running Press and Perseus Books, Defendants argue that Plaintiff has not alleged that the Photographs contained CMI, as it is defined by the DMCA, rendering Section 1202(b) of the DMCA inapplicable. They argue that Section 1202(b) of the DMCA protects copyright information used in the functioning of encryption systems in the electronic environment. Defendants rely on *Textile Secrets International, Incorporated v. Ya-Ya Brand, Incorporated*, 524 F. Supp. 2d 1184, 1195 (C.D. Cal. 2007), which concluded that, to constitute CMI, the information must have some relation to technological measures or processes, and *I.Q. Group v. Wiesner Publishing, LLC*, 409 F. Supp. 2d 587, 597 (D.N.J. 2006), which concluded that CMI is copyright information used in the functioning of copyright management systems.

The Ninth Circuit has not yet ruled on what constitutes CMI under Section 1202(c) of the DMCA. In 2011, the U.S. Court of Appeals for the Third Circuit considered the reasoning in both *Textile Secrets* and *I.Q. Group*, but held that the statutory text of Section 1202(c) did not restrict CMI to the context of automated

copyright protection or management systems. *See Murphy v. Millennium Radio Grp., LLC*, 650 F.3d 295, 305 (3d Cir. 2011) (holding that a "gutter credit" near an image constituted CMI). Similarly, cases decided after *Textile Secrets* in the Central District of California indicate a shift toward a consensus that, to constitute a violation of Section 1202(a) or (b), a plaintiff need not allege that the CMI is digital, *Fox v. Hildebrand*, No. cv-092085, 2009 WL 197796, *2-3 (C.D. Cal. July 1, 2009), nor that it was placed or removed through a technological process, *Williams v. Cavalli*, No. cv-154-06659, 2015 WL 1247065, at *3 (C.D. Cal. Feb. 12, 2015). *See also Leveyfilm, Inc. v. Fox Sports Interactive Media*, LLC, 999 F. Supp. 2d 1098, 1101 (N.D. Ill. 2014); *Agence France Presse v. Morel*, 796 F. Supp. 2d 295, 306 (S.D.N.Y. 2011); *Interplan Architecht, Inc. v. C.L. Thomas, Inc.*, No. 4:08-cv-03181, 2009 WL 6443117, *5 (S.D. Tex. 2009).

Here, Plaintiff attaches to the FAC as Exhibit A copies of the Photographs, which show that the words "COPYRIGHT KEYA MORGAN" appear across each photograph. However, Plaintiff has not described the CMI he specifically alleges was either placed or removed from the Photographs in violation of the DMCA.

## CONCLUSION

At the hearing on these motions, Plaintiff's counsel indicated that, if given the opportunity, he would allege specific facts to better identify the CMI at issue in this case, correct the FAC to allege a claim under Section 1202(b) instead of Section 1202(a), and clarify the knowledge and intent elements required for stating a claim under Section 1202(b) of the DMCA. Therefore, the Defendants' motions to dismiss are granted without prejudice. Plaintiff may file a second amended complaint no later than March 28, 2016.

**IT IS SO ORDERED.**

DATED: March 16, 2016

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE